UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60080-Civ-MARRA/JOHNSON

COURT APPOINTED RECEIVER
of LANCER OFFSHORE, INC.
and OMNIFUND, LTD.

  Plaintiff

vs.

THE CITCO GROUP LTD.,
et al.

  Defendants.

_____/

**ORDER AND OPINION ON CITCO FUND
SERVICES (CURACAO) N.V.'S MOTION TO DISMISS**

  **THIS CAUSE** is before the Court upon Citco Fund Services (Curacao) N.V.'s

Motion to Dismiss the Receiver's Amended Complaint [DE 51].  The motion is fully

briefed and ripe for review.

  The 113-page, 319 paragraph Amended Complaint ("Complaint" or "Compl.")

contains eleven separate counts.  *See* DE 32.  In the Complaint, the Receiver sues,

among other defendants, The Citco Group, Ltd., Citco Fund Services (Curacao) N.V.,

and Citco Fund Services (USA) Inc.  The Receiver refers to these three defendants

collectively as the "Citco Defendants."[1]  The Receiver's claims against the Citco

_____

[1]  Because CFS-Curacao is alleged to be in direct contractual privity with the
Offshore Funds and hence, in most instances, is the relevant entity, the Court
overlooks this oblique categorization to the "Citco Defendants" and considers this
term interchangeable for CFS-Curacao.  In another Order, this term is found to be
problematic and in some instances, untenable.  *See* Order and Opinion on The Citco

Defendants stem from CFS-Curacao's contractual role as administrator of two offshore hedge funds: Lancer Offshore, Inc. ("Lancer Offshore") and the OmniFund, Ltd. ("OmniFund") (collectively, the "Offshore Funds").  The Receiver brings this action on behalf of the Offshore Funds and asserts claims for damages caused directly to the Offshore Funds by its former fund administrator and directors, as opposed to any damages the fund administrator and directors may have caused to the Offshore Funds' investors and creditors.

Pursuant to formal Administrative Service Agreements, CFS-Curacao was to provide clerical and administrative services to the Offshore Funds, including maintaining the Funds' financial books and records, processing subscriptions and redemptions, and computing the Net Asset Value ("NAV") of the Offshore Funds. Compl. Ex. H.  The Receiver brings claims against the Citco Defendants for professional malpractice, gross negligence, breach of fiduciary duty under common law and under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and breach of contract.  The Receiver brings this action against the Citco Defendants for their actions and inactions that allegedly breached their respective fiduciary duties to the Offshore Funds.  CFS-Curacao filed the instant motion to dismiss; Citco Fund Services (USA) Inc. and The Citco Group, Ltd. filed a separate joint motion to dismiss which is addressed by separate order.

---

Group and Citco USA's Motion to Dismiss.

While CFS-Curacao disputes that it breached the Administrative Services Agreements ("ASAs") between it and the Offshore Funds, it concedes that the Receiver has adequately pleaded this claim.  CFS-Curacao argues, however, that the Receiver improperly attempts to take this alleged breach of contract and expand the dragnet of its claims, and in doing so, fails to state a cause of action in tort or under ERISA.

The ASAs provide that the law of the British Virgin Islands applies to the Receiver's contract claim.  CFS-Curacao states that it is not necessary for the Court to engage in a choice of law analysis, since according to CFS-Curacao, the Receiver's Complaint fails to state causes of action in tort under both the law of the British Virgin Islands and Florida.  The Receiver believes that under a conflicts of law analysis Florida law applies.  In any event, both the Receiver and CFS-Curacao agree that Florida law can and should be applied to the claims asserted in this matter. Since there appears to be no dispute among the parties on what law may be applied to resolve the issues raised in the instant motion, the Court will look to Florida law for the sufficiency of the common law tort claims.

CFS-Curacao moves to dismiss the claims of professional malpractice, gross negligence, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty for failure to state claims for relief.  CFS-Curacao further claims that the Receiver lacks standing to bring claims under ERISA, and fails to state a claim under ERISA for breach of fiduciary duty or breach of co-fiduciary duty.  CFS-Curacao moves

to dismiss Count I (professional malpractice), Count III (gross negligence), Count IV (breach of fiduciary duty), Counts VI and VII (aiding and abetting a breach of fiduciary duty), Count IX (ERISA), and XI (ERISA co-fiduciary).

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id*. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id*.

**Common Law Tort Claims**

**Professional Malpractice**

In Count I, the Receiver purports to state a claim for professional malpractice. Compl. ¶¶ 181-184.  CFS-Curacao moves to dismiss this Count for failure to state a claim.  The Court concurs with CFS-Curacao that this claim cannot stand against CFS-Curacao.  As this Court recently held in a related matter, a claim for professional malpractice cannot be brought against CFS-Curacao where there are no allegations that fund administrators are required to obtain a four-year degree for licensing in Florida.  *See Bruhl v. PricewaterhouseCoopers Int'l*, No. 03-23044, 2007 WL 983263, at *8 (S.D. Fla. Mar. 27, 2007) ("*Bruhl")*.

Since the Complaint contains no allegations which would bring CFS-Curacao, as "an administrator," within the definition of a "professional," the Receiver's claim fails as a matter of law.  *See e.g., Garden v. Frier*, 602 So.2d 1273, 1275 (Fla.1992); *Warter v. Boston Securities*, No. 03-81026-CIV- RYSKAMP, 2004 U.S. Dist. LEXIS 5682, at *13 (S.D. Fla. Mar. 22, 2004) ("a securities broker is not a 'professional' for purposes of the economic loss rule because securities brokers are not required to obtain a four-year degree for licensing in Florida"); *Moransais v. Heathman*, 744 So. 2d 973, 976 (Fla. 1999).

That CFS-Curacao may promote itself as a *professional* hedge fund administrator is irrelevant.  Moreover, since Florida law on this issue is clear, the Court need not consider the laws of Nebraska or Iowa, as the Receiver urges this

Court to do.  Absent allegations that CFS-Curacao meets the definition of a professional under Florida law, Plaintiffs' malpractice claim must be dismissed. Plaintiff will be given one additional opportunity to state a valid malpractice claim. Accordingly, the motion to dismiss Count I as to CFS-Curacao will be granted, with leave to amend.

**Gross Negligence**

Count III of the Complaint alleges that the Citco Defendants willfully, knowingly and recklessly failed to use reasonable skill and care in their duties as administrator and that such conduct was so egregious as to rise to the level of gross negligence.  CFS-Curacao moves to dismiss this count asserting the claim is barred under Florida's economic loss rule.  *Interstate Sec. Corp. v. Hayes Corp.*, 920 F.2d 769 (11th Cir. 1991).

The Receiver does not disagree with CFS-Curacao that the economic loss rule bars a claim for gross negligence where it is not separate and distinct from a breach of contract claim; instead, he argues that the Complaint adequately pleads "grossly negligent breaches of duty apart from [CFS-Curacao's] breaches of contract."  DE 69 at 16.  The Receiver states

> [t]he Complaint demonstrates that Citco N.V.'s gross negligence results from its willful breaches of its duties to disclose and to speak accurately, duties not imposed by the contracts.  *See, e.g.*, Compl. ¶¶ 5, 7, 8, 10, 165, 169, 172; Exhibits G, H, I.  In addition to these independent duties, Citco N.V. also willfully and recklessly breached its duty to use reasonable skill and care in (i) advising the Offshore

> Funds on the correct course of action, (ii) providing the
> Offshore Funds true and correct information and (iii)
> reporting the incorrect valuations to the Independent
> Directors.  Compl. ¶ 193.  All of these duties of care are
> entirely distinct from Citco N.V.'s contractual duties to
> compute the NAV, perform administrative services, and
> independently price the Offshore Funds.  *See* Compl.
> Exhibits G, H, I.

DE 69 at 16.

A review of the paragraphs in the Complaint cited by the Receiver does not

support his assertion that independent duties not imposed by the contracts are

alleged.  *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla.

1996) (the economic loss rule "has not eliminated causes of action based upon torts

independent of the contractual breach even though there exists a breach of contract

action.  Where a contract exists, a tort action will lie for either intentional or

negligent acts considered to be independent from acts that breached the contract");

*Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So.2d 74, 78 (Fla. Dist. Ct. App.

1997) (alleged tortious conduct which relates to the performance of a contract by the

breaching party does not give rise to an independent cause of action in tort).

Although the Receiver argues that he alleges breaches of "duties not imposed by the

contracts," the paragraphs to which he cites provide no basis for finding an extra-

contractual duty assumed by CFS-Curacao.  If the Receiver intends to allege duties

other than those contained in the ASAs which resulted in gross negligence, he will be

given one more opportunity to do so.  Accordingly, the motion to dismiss Count III as

to CFS-Curacao will be granted, with leave to amend.

**Breach of Fiduciary Duty**

CFS-Curacao moves to dismiss Count IV of the Complaint for failure to state a claim for breach of fiduciary duty. CFS-Curacao claims the Receiver has not alleged that it owed a fiduciary duty to the Offshore Funds, as opposed to a contractual duty under the ASAs. *See Excess Risk Underwriters, Inc. v. Layfayette Life Ins. Co.*, 208 F. Supp. 2d 1310, 1315-18 (S.D. Fla. 2002); *McCutcheon v. Kidder, Peabody & Co., Inc.*, 938 F.Supp. 820, 824 (S.D. Fla. 1996); *Detwiler v. Bank of Central Florida*, 736 So.2d 757 (Fla. Dist. Ct. App. 1999). The Receiver defends this Count by arguing that he has alleged "special circumstances" giving rise to a fiduciary duty.

An *implied* fiduciary relationship may be found based on special circumstances surrounding the transaction and the relationship of the parties, *see Capital Bank v. MVB, Inc.*, 644 So.2d 515 (Fla. Dist. Ct. App. 1994), and may be found when confidence is reposed by one party and a trust accepted by the other. *Maxwell v. First United Bank*, 782 So.2d 931, 933 -934 (Fla. Dist. Ct. App. 2001); *Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991) (fiduciary relationship is recognized under Florida law when there is a showing of dependency by one party and some undertaking by the other party to advise, counsel and protect that party). In *Capital Bank,* the Third District Court of Appeal held that "special circumstances" gave rise to a fiduciary duty where the defendant bank stepped out of its typical role as lender and had become an investment advisor to the plaintiff. *Capital Bank*, 644

So.2d at 521.

The Receiver begins with the argument that determining whether a particular defendant owes the plaintiff a fiduciary duty is a fact-specific inquiry that precludes dismissal on a motion to dismiss.  This argument misses the mark.  It is appropriate to dismiss a count in a complaint if no construction of the factual allegations support the cause of action.  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991).  In this case, there are no allegations of a relation of trust and confidence between the parties that developed outside of the parties' contractual relationship.

In support of his claim, the Receiver points to his allegations of the heightened economic benefit received by CFS-Curacao, and the extensive control and influence CFS-Curacao exercised over the Offshore Funds' administration based on its superior knowledge.  These factors, claims the Receiver, more than adequately set forth the "special circumstances" necessary to allege a fiduciary relationship.

The Court agrees with CFS-Curacao that the actions complained of do not indicate that CFS-Curacao stepped out of its contractual role as administrator for the Funds or that CFS-Curacao made representations or assurances that developed a dependency by the Funds.  If he chooses to take it, the Receiver will be given one more opportunity to attempt to allege facts to support a claim that CFS-Curacao owed anything more than a contractual duty to the Offshore Funds.  Accordingly, the motion to dismiss that part of Count IV that attempts to allege a breach of fiduciary duty as to CFS-Curacao will be granted, with leave to amend.

**Respondeat Superior**

Alternative relief is sought in Count IV, where the Receiver alleges that CFS-Curacao, as the employer of the Director Defendants, is vicariously liable for the Director Defendants' breach of fiduciary duty under the doctrine of respondeat superior.  Compl. ¶ 207.  CFS-Curacao argues that this theory fails because the Complaint alleges that the Director Defendants were acting in their capacity as *directors of the Funds*, not as employees of CFS-Curacao:  "[N]owhere does the Complaint allege that the Director Defendants were acting in their capacity as employees of CFS-Curacao while committing the purported breaches of duty."  DE 83 at 6.  The Court agrees.

The Complaint does allege that one aspect of the extensive fund management services performed by CFS-Curacao was to "provid[e] *its employees, the Director Defendants,* to the Offshore Funds."  Compl. ¶ 21(i) (emphasis added).  This fact, however, does not necessarily mean that the Director Defendants were acting within the scope of their duties as employees of CFS-Curacao.  The Receiver's assertion, that because CFS-Curacao provided the Director Defendant's to the Offshore Funds it is liable under the doctrine of respondeat superior, is a mere legal conclusion.  *See* Compl. ¶ 207.  As a result, Count IV of the Amended Complaint will be dismissed with leave to amend.

**Aiding and Abetting a Breach of Fiduciary Duty**

The Receiver alleges that CFS-Curacao aided and abetted a breach of fiduciary duty by the Director Defendants (Count VI) and also by Lauer (Count VII).   A claim for aiding and abetting a breach of fiduciary duty requires: (1) a fiduciary duty on the part of the primary wrongdoer (in this case, either the Director Defendants or Lauer); (2) a breach of this fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing.  *See In re Caribbean K Line, Ltd*, 288 B.R. 908, 919 (S.D. Fla. 2002); *see also AmeriFirst Bank v. Bomar*, 757 F. Supp. 1365, 1380 (S.D. Fla. 1991). CFS-Curacao moves to dismiss these counts arguing that the Receiver, by not alleging that CFS-Curacao actively participated in any alleged wrongdoing, fails to allege facts to support an allegation that CFS-Curacao substantially assisted either the Director Defendants or Lauer.

Basically, these two counts allege that CFS-Curacao aided and abetted Lauer and the Director Defendants by "failing to value the NAV's in accordance with GAAP," "failing to independently price the Offshore Funds," "failing to independently verify the valuations stated by Lauer," "failing to discover the incorrect valuations and NAV calculations reported by Lauer . . .," and other alleged failures.  Compl. ¶¶ 234, 248. These failures allegedly constituted gross negligence, willful misconduct and/or reckless disregard for its duties.  Compl. ¶ 256.   According to CFS-Curacao, omissions cannot constitute substantial assistance where the Receiver has not alleged a duty

owed by CFS-Curacao to disclose any alleged misconduct of a third party to the Offshore Funds.

The question of substantial assistance requires an analysis of the kind of assistance CFS-Curacao allegedly offered to Lauer or the Director Defendants. Underlying the "substantial assistance" prong is a single scienter requirement that varies on a sliding scale from "recklessness" to "conscious intent." *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 621 (5th Cir. 1993). When no duty of disclosure is alleged, an alleged aider-abettor may be found liable only if scienter of the high "conscious intent" variety can be shown. *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 97 (5th Cir. 1975). If it is alleged that a defendant has a duty to disclose, liability could be imposed if he acts with a lesser degree of scienter. *Woods v. Barnett Bank of Ft. Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985). When an allegation combines inaction with affirmative assistance, the degree of knowledge required depends upon how ordinary the assisting activity is in the involved businesses. *Id*.

In the instant case, the Receiver claims that the allegations against CFS-Curacao satisfy either the duty to disclose combined with recklessness test, or the high conscious intent test. The paragraphs in the Complaint cited by the Receiver to support his argument that he has alleged a "duty to disclose" do not do so. *See* Compl. ¶¶ 6, 10. On its own review, the Court could not find an allegation against CFS-Curacao regarding a duty to disclose. Accordingly, the Court will evaluate these Counts solely by whether they allege "high conscious intent" and a "conscious and

specific motivation" to aid the fraud.  *Schatz v. Rosenberg*, 943 F.2d 485, 496 (4th Cir. 1991) (citing *Woodward*, 522 F.2d at 97); *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1126-27 (5th Cir. 1988); *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, MDL No. 1446, 2005 WL 5784354, *28 (S.D. Tex. Feb. 16, 2005).

High Conscious Intent

The Receiver asserts that "[a]llegations that a party with knowledge chose to ignore 'atypical activities' – such as the eight highly-specific 'red flags' set forth in the Complaint, *see* Compl. ¶¶ 98-108 – are sufficient to establish that the plaintiffs acted with conscious intent."  The Court finds that this allegation fails to sufficiently allege the requisite degree of scienter.  As this Court previously held in *Bruhl*, red flags or aroused suspicions do not constitute actual awareness of one's role in a fraudulent scheme.  2007 WL 983263, at *10.  Furthermore, when no duty to disclose exists, "allegations that a defendant knew of the wrongdoing and did not act fail to state an aiding and abetting claim."  *Schatz*, 943 F.2d at 496.  Therefore, for having failed to adequately allege the element of substantial assistance on the part of CFS-Curacao as required by the aiding and abetting cause of action, the Court will grant the motion to dismiss Counts VII and VIII.[2]

_____

[2]  This is in contrast to the Order and Opinion on Citco Fund Services (Curacao), N.V.'s Motion to Dismiss Third Amended Complaint wherein the Court denied the motion to dismiss counts against CFS-Curacao for aiding and abetting.  *See Bruhl v. PriceWaterhouseCoopers Int'l, et al.*, 03-23044-Civ-Marra (S.D. Fla).  Unlike the complaint in this case, the *Bruhl* Complaint alleges that CFS-Curacao, knowing that Lauer had provided it with bogus valuations, disseminated statements containing

**Employee Retirement Income Security Act**

The Receiver also brings two statutory claims against CFS-Curacao under ERISA, one for primary liability as a fiduciary under the statute, and the other based on an alleged violation as a co-fiduciary.  CFS-Curacao argues that both of these ERISA claims must be dismissed because the Receiver lacks standing to bring these claims on behalf of Offshore, and because the Receiver has not properly stated claims under ERISA.

**Standing to Assert ERISA Claims on Behalf of Lancer Offshore**

CFS-Curacao asserts that the Receiver lacks standing to bring claims under ERISA because Lancer Offshore, for whom the Receiver has been appointed and in whose shoes the Receiver stands, could not have brought these claims itself.  The Court finds the Receiver has adequately alleged facts to demonstrate his standing to bring ERISA claims.

The ERISA provisions conferring standing to sue for fiduciary breach do not expressly confer standing on the plan itself, but rather on "a participant, beneficiary or fiduciary."  ERISA § 502(a)(2) and (3) (29 U.S.C. § 1132(a)(2) and (3)) (providing that an ERISA fiduciary may sue for fiduciary breach and equitable relief).  *See Gulf*

_____

false and overstated NAVs which CFS-Curacao endorsed as independently verified, all the while knowing investors would rely upon its statements in purchasing shares of the funds.  The Court found these allegations suggested that CFS-Curacao had a high conscious intent and specific motivation to aid the fraud.  No such allegations are made in the instant matter.

*Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11ᵗʰ Cir. 1987).  Thus, the Receiver can only bring claims that the Funds could have brought.  A question then arises as to whether Offshore is a fiduciary with respect to an ERISA plan.

The Receiver argues that his standing to sue under ERISA hinges on whether the Receiver is an ERISA fiduciary.  The Receiver's fiduciary status is premised on his exercising control respecting ERISA "plan assets."

Section 3(21)(A) of ERISA (29 U.S.C. § 1002(21)(A)) provides in relevant part that a "person"[3] is a "fiduciary" with respect to an ERISA plan to the extent that the person exercises any discretionary authority or discretionary control with respect to the management or disposition of plan assets, or "renders investment advice for a fee or other compensation, direct or indirect, with respect to" any plan assets, or has the authority or responsibility to do so.  *Id.*

Thus the first question is whether the underlying assets of Offshore are deemed to be ERISA plan assets.  This determination is governed by the Department of Labor's "plan assets rule."  *See* 29 C.F.R. § 2510.3-101(a)(2) and (f).  The general rule is that when a plan invests in another legal entity - such as a hedge fund - "plan assets" include its investment, but do not, solely by reason of such investment, include the underlying assets of the entity.  *Id.*  If, however, an ERISA plan invests in

---

[3] ERISA defines the term "person" broadly to include individuals, corporations, partnerships, and virtually every other kind of business entity.  See ERISA § 3(9), 29 U.S.C. § 1002(9).

an entity, and if the total equity participation of "Benefit Plan Investors"[4] in the entity is at least 25%, then the entity's underlying assets are deemed to be ERISA plan assets for purposes of ERISA's fiduciary provisions.  *Id*.  If the 25% threshold is met, then the investing ERISA plan has "an undivided interest in each of the underlying assets of the entity."  *Id*.  In that case, each asset of the entity is subject to ERISA. The Receiver states that any person who exercised authority or control respecting the management or disposition of any of the entity's assets, or has authority to do so, is an ERISA fiduciary with respect to such assets, subject to ERISA's general fiduciary and self-dealing prohibited transaction rules.  *See id*.[5]

The Receiver has sufficiently alleged that the equity interests of Benefit Plan Investors in Offshore exceeds 25%, that those Benefit Plan Investors include certain ERISA plans, and that consequently an undivided interest in each of the underlying assets of Offshore is an ERISA plan asset.  Compl. ¶¶ 400-02.  If this allegation is

---

[4]  The term "Benefit Plan Investor" includes any employee benefit plan regardless of whether the plan is actually subject to ERISA.  *See* 29 C.F.R. § 2510.3-101(f)(2).  The definition of "Benefit Plan Investor" has recently been revised under the Pension Protection Act of 2006 ("PPA") to exclude non-ERISA employee benefit plans.  *See* PPA § 611(f).  This change is effective with respect to transactions entered into after August 17, 2006.  *See* PPA § 611(h).  All transactions relevant for purposes of the instant ERISA cause of action, including those giving rise to the ERISA status of Offshore's assets, occurred prior to August 17, 2006.  Consequently, the equity interests of Offshore's foreign employee benefit plan investors are taken into account for purposes of the 25% threshold under the plan assets rule.

[5]  *See also* ERISA § 3(21) (29 U.S.C. § 1002(21)) ("a person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management . . . or disposition of its assets"), and ERISA §§ 404(a)(1), and 406(b)(29 U.S.C. §§ 1104(a)(1), and 1106(b)).

correct, then any person who "exercises any authority or control with respect to the management or disposition of [Offshore] assets," or "renders investment advice for a fee or other compensation, direct or indirect, with respect to any [Offshore] assets, or has the authority or responsibility to do so" is an ERISA fiduciary. *See* ERISA § 3(21)(A) (29 U.S.C. § 1002(21)(A)).  By alleging that the Receiver is an ERISA fiduciary with respect to the underlying assets of Offshore, the Receiver sufficiently pleads that he has standing to assert ERISA claims.

**Claim For Breach of ERISA Fiduciary Duty**

The Receiver alleges that the assets of Offshore constitute "plan assets" subject to ERISA, and that the Citco Defendants, as ERISA fiduciaries with respect to these plan assets, breached their fiduciary duties by, among other things, failing to independently calculate Offshore's NAV/share.  Compl. ¶¶ 262, 289-293.  CFS-Curacao argues that this claim fails because CFS-Curacao is not a fiduciary.  According to CFS-Curacao, in order to state a claim for relief against CFS-Curacao under the applicable Department of Labor Regulations, the Receiver must establish that CFS-Curacao either (1) exercised authority or control respecting the management or disposition of the assets of Offshore, or (2) provided investment advice (directly or indirectly) with respect to the assets of Offshore for a fee. *See* 29 C.F.R. § 2510.3-101(a)(2).  CFS-Curacao asserts that because the Receiver cannot establish either of these prerequisites, Count IX for breach of ERISA fiduciary duty against it must be dismissed.

The Receiver responds that the Citco Defendants were fiduciaries by virtue of their control over the Director Defendants.  According to the Receiver, by alleging in the Complaint (i) that the Citco Defendants exercised authority or control respecting management or disposition of Offshore's ERISA assets, indirectly through their authority to appoint the Director Defendants; (ii) that the Citco Defendants are subject to ERISA fiduciary liability under principles of respondeat superior, and (iii) that the Citco Defendants rendered investment advice to Offshore for a fee through their obligation to compute and value Offshore's NAV/share, he has properly stated a claim for breach of ERISA fiduciary duty.

The Court agrees with CFS-Curacao that the Receiver has failed to allege sufficient facts which would, if true, establish that CFS-Curacao was a fiduciary under ERISA.  First, the fact that CFS-Curacao appointed the Director Defendants does not, in and of itself, establish CFS-Curacao exercised authority or control respecting the management or disposition of Offshore's ERISA plan assets.  The Receiver would have to further allege that CFS-Curacao had actual authority or control over the <u>decisions</u> by the Director Defendants to either take or not take actions with respect to Offshore's ERISA plan assets.

Second, even assuming, without deciding, that vicarious liability for breach of fiduciary duties under ERISA exists, as previously discussed, the Receiver has failed to allege that the Director Defendants were acting within the scope of their duties as employees of CFS-Curacao when they engaged in the allegedly wrongful conduct

relative to Offshore Funds' ERISA plan assets.

Lastly, the Receiver has failed to allege sufficient facts demonstrating that CFS-Curacao rendered investment advice for a fee.  Performance of the contractual obligation to compute and price the monthly NAV for Offshore is not, in and of itself, sufficient to meet the requirements of the applicable regulation.  The regulation requires that, in addition to rendering advice as to the value of securities, the individual must also, either directly or indirectly, have discretionary authority or control with respect to purchasing or selling the securities or render advise to the plan on a regular basis.  Such services must serve as a primary basis for investment decisions and the individual must render individualized investment advise to the plan based on the particular needs of the plan regarding, among other things, investment policies or strategy, overall portfolio composition or diversification of the plan investments.  29 C.F.R. § 2510.3-21(c)(1).  At best, the Receiver only alleges that CFS-Curacao rendered advice regarding the value of securities.  While the Receiver may have alleged the Director Defendants performed the other requisites of a fiduciary, it has not alleged CFS-Curacao did so.  The mere fact CFS-Curacao appointed the Director Defendants is insufficient to impute the duties the Director Defendants were obligated to perform to CFS-Curacao.

**Claim for Breach by Co-Fiduciaries**

In Count XI, the Receiver sets forth a claim for "Liability under ERISA for Breach by Co-Fiduciary" against the Citco Defendants.  A co-fiduciary may be liable

for another's breach of fiduciary duty if he: (1) fails to follow his fiduciary duties, thus enabling another fiduciary to commit a breach; and (2) has knowledge of the breach committed by another fiduciary and takes no reasonable efforts to remedy the breach.  29 U.S.C. § 1105(a)(2)-(3).  As discussed above, the Receiver has not alleged facts that could be proved consistent with the allegation that CFS-Curacao was an ERISA fiduciary.  Without a proper allegation of fiduciary status, a claim for breach of ERISA co-fiduciary[6] liability cannot stand.

**Leave to Amend**

The Receiver has requested leave to amend the Complaint should this Court find it  deficient.  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, in accordance with the usual practice upon granting a motion to dismiss, leave to replead those counts that are dismissed herein without prejudice will be permitted.

**Conclusion**

For the foregoing reasons, Defendant, Citco Fund Services (Curacao) N.V.'s Motion to Dismiss the Receiver's Amended Complaint [DE 51] is **GRANTED**, without

---

[6]  The Receiver alleges that, as ERISA fiduciaries, the Citco Defendants "knowingly, recklessly, or with gross negligence breached their fiduciary duties with respect to Offshore's ERISA plan assets by failing to properly calculate NAV's per share in accordance with GAAP and failing to employ independent valuations by disinterested parties; failing to challenge those NAV's per share stated by Lauer, and by failing to investigate certain 'red flags' . . and by failing to insist that the Director Defendants, as their employees, fulfill their ERISA fiduciary duties as directors of Offshore..."  Compl. ¶ 312.

prejudice, with leave to replead within twenty days of receipt of this Opinion and

Order in a manner consistent with this Opinion.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 31st day of March, 2008.

 

                                        KENNETH A. MARRA
                                        United States District Judge

copies to:

All counsel of record