**COMPOSITE EXHIBIT J**



## AMENDED AND RESTATED
## ADMINISTRATIVE SERVICES AGREEMENT

This AMENDED AND RESTATED AGREEMENT dated as of the 1st day of April, 2000 made between Lancer Offshore, Inc., a British Virgin Islands International Business Company, (the "Company"), and CITCO FUND SERVICES (CURAÇAO) N.V., a Netherlands Antilles corporation, (the "Administrator").

WHEREAS, the Company and the Administrator entered into an Administrative Services Agreement dated as of January 1, 1996 (the "Original Agreement"); and

WHEREAS, the Company and the Administrator desire to amend and restate the Original Agreement as set forth herein; and

WHEREAS, the Administrator has sought consent of the Board of Directors of the Company to revise the Fees, which revision has been consented to; and

WHEREAS, the Company wishes to continue to engage the Administrator to perform certain financial, accounting, corporate, administrative and other services on behalf of the Company and the Administrator has agreed to provide such services on the terms and conditions contained in this Agreement;

NOW THEREFORE, in consideration of the mutual promises contained herein, the parties hereby agree as follows:

## PART I. SERVICES OF THE ADMINISTRATOR

1.1 **Financial, Accounting and Administration Duties**
In accordance with the provisions of the Memorandum of Association and the Articles of Association of the Company ("the Articles of Association"), and under the supervision of the Company's Board of Directors, the Administrator, shall be responsible for performing the following administrative duties and functions for the Company:

(a) establishing and maintaining such bank, brokerage, custodian and other accounts as may be necessary or advisable;

(b) acting as registrar and transfer agent with respect to the Company's shares and, in that capacity, processing the issuance, transfer, conversion, redemption and cancellation of shares and maintaining all appropriate shareholder registers and ledgers;

Kaya Flamboyan 9
P.O. Box 812
Curaçao
Netherlands Antilles

Phone : (599-9) - 732-2000
Fax : (599-9) - 732-2001
SWIFT. CKKKIANCU
Cable : CURTRUST

Citco Group Affiliates are established in Curaçao, British Virgin Islands, Bermuda, US Virgin Islands, Bahamas, Cayman Islands, Barbados, New York, Miami, Toronto, Montreal, Gibraltar, Hamburg, Madeira, Amsterdam, Luxembourg, Geneva and Jersey.



(c) convening and conducting all meetings of shareholders, soliciting proxies in connection therewith and recording the minutes thereof;

(d) distributing annual reports to shareholders;

(e) responding to inquiries from time to time received by the Company from shareholders, prospective investors or other;

(f) preparing and maintaining all customary financial and accounting books and records in appropriate form and in sufficient detail to support an annual independent audit of the financial condition of the Company, and the administration thereof;

(g) computing the monthly Net Asset Value of the Company's shares, as of the close of business on the last Business Day of each month, in accordance with the Explanatory Memorandum and the Articles of Association of the Company, and reporting such to the Investment Advisor;

(h) independently pricing the fund by reference to data supplied by Interactive Data Services International and other independent pricing sources, or as agreed by the Board of Directors pursuant to the Explanatory Memorandum;

(i) maintaining the principal corporate records;

(j) convening meetings of the Board of Directors;

(k) disbursing payments of directors' and officers' fees, salaries and expenses, legal and accounting fees and expenses, taxes, government license and filing fees and all other costs and expenses incurred for the account of the Company (other than transaction costs and related expenses arising in connection with the Company's investment program);

(l) responding to inquiries and otherwise communicating with the general public; and

(m) providing, subject to Clause 1.2, directors.

1.2 **Compensation**
As compensation for its services to the Company, the Administrator shall receive the Administration Fees in accordance with the provisions of Schedule A to this Agreement. The Administration Fees shall be payable monthly in arrears in the manner provided in Section 2.3 hereof and the Administrator shall be entitled to reimbursement of expenses as provided in Section 2.4 hereof.

2



## PART II. GENERAL PROVISIONS

### 2.1 Personnel
The Administrator shall at all times and at its own expense maintain and make available to the Company qualified accounting and clerical personnel suitable for the performance of the duties of the Administrator.

### 2.2 Agents
With the prior written consent of the Company, such consent not to be unreasonably withheld or delayed, the Administrator may employ and pay at the expense of the Company any agents, whether attorneys, solicitors, bankers, accountants, stockbrokers or other agents, to transact any business or do any act required to be transacted or done in the execution of the terms of this Agreement. In no event, however, shall the duties enumerated in Part I above be performed by the Administrator or an agent within the United States.

### 2.3 Payment of Fees
Written invoices for the fees due pursuant to Section 1.2 shall be submitted to the Company or its designee by the Administrator promptly following the close of each calendar month.

### 2.4 Expenses
All reasonable out-of-pocket expenses incurred by the Administrator on behalf of the Company shall be paid by the Company, or reimbursed by the Company at the end of each month.

### 2.5 Review of Fees
The fees payable pursuant to Section 1.2 shall be subject to review from time to time to the extent appropriate to reflect demonstrable changes in the operational costs incurred by the Administrator for the provision of services hereunder, provided that any such increase or decrease shall be subject to the written approval of the Board of Directors of the Company.

### 2.6 Scope of Liabilities
The Administrator (which shall include solely for purposes of this Section 2.6 and Section 2.7 the Administrator's directors, officers, employees and shareholders) shall not be liable to the Company or its shareholders for any loss, damage, expense or claim occasioned by any act or omission of the Administrator in connection with the performance of its services hereunder, other than as a result of its gross negligence, willful misconduct or reckless disregard of its duties hereunder.

3



### 2.7 Indemnification

The Company shall indemnify the Administrator (which shall include the Administrator's directors, officers, employees and shareholders) against, and hold it harmless from, any expense, loss, liability or damage arising out of any claim asserted or threatened to be asserted by any third party in connection with the Administrator's serving or having served as such pursuant to this Agreement; provided, however, that the Administrator shall not be entitled to such indemnification with respect to any expense, loss, liability or damage which was caused by the Administrator's own gross negligence, willful misconduct or reckless disregard of its duties hereunder.

### 2.8 Books and Records

All books, records and other documents received or prepared by the Administrator on behalf of the Company shall be the exclusive property of the Company. Except as otherwise authorized by the Board of Directors of the Company, all such books, records and other documents (other than those which are not of a material nature) shall be preserved by the Administrator for a period of at least seven years or until they are delivered to duly appointed successors to the Administrator upon termination of this Agreement.

### 2.9 Confidential Relationship

Except as contemplated by this Agreement or as otherwise required by law, the Administrator shall treat all information pertaining to the investments, ownership and business affairs of the Company as confidential and shall not disclose such information to any persons other than directors, officers, auditors, legal advisers or other authorized agents of the Company.

### 2.10 Non-Exclusivity

The nature of the duties of the Administrator hereunder shall not preclude the Administrator from providing services of a comparable nature to any other person, firm or company.

### 2.11 Term and Termination

(a) Except as set forth in Section 2.11 (b) hereof, this Agreement shall have an initial term of twelve months commencing as of the date of this Agreement and shall be automatically renewed for successive terms of twelve months each, unless sooner terminated by written notice.

(b) This Agreement may be terminated by the Administrator upon not less than 90 days written notice to the Company, and may be terminated on behalf of the Company by resolution of its Board of Directors, upon like notice to the Administrator.

1-096-001142



(c) In the event of termination of this Agreement, the Administrator shall promptly tender its resignation of its corporate offices, if any, effective as of the date of termination.

2.12 **Assignment**
This Agreement may not be assigned by either of the parties without the prior written consent of the other party.

2.13 **Governing Law**
This Agreement shall be governed by and construed in accordance with the laws of the British Virgin Islands.

2.14 **Waiver and Modification**
The provisions of this Agreement shall not be waived or modified other than by means of a writing signed by the party to be charged with such waiver or modification.

2.15 **Governing Law**
This Agreement shall be governed by and construed in accordance with the laws of the British Virgin Islands.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

---
LANCER OFFSHORE, INC.

BY:

NAME:

TITLE:

---
CITCO FUND SERVICES (CURAÇAO) N.V.

5

L-096-001143



## LANCER OFFSHORE, INC.

### SCHEDULE A

The Administration Fee shall be computed as follows:

(1) For net assets of the Company between US$0 and US$200 million, the Administration Fee shall be an amount equal to twelve (12) basis points of the combined Net Asset Values of all outstanding shares of the Company as of the end of the month for which such fee is payable, subject to a minimum monthly fee of US$3,000;

(2) For net assets greater than US$200 million but less than US$500 million, the Administration Fee shall be an amount equal to eight (8) basis points of the combined Net Asset Value of all outstanding shares of the Company as of the end of the month for which such fee is payable; and

(3) For net assets greater than US$500 million, the Administration Fee shall be an amount equal to five (5) basis points of the combined Net Asset Values of all outstanding shares of the Company as of the end of the month for which such fee is payable.

In addition, a separate annual fee will be charged for each Director provided by the Administrator at an annual fee of US$4,000.

LANCER OFFSHORE, INC.

BY: Declan Quilligan /
    in absence of
NAME: A.J. Stocks   \ Kieran Conroy

TITLE: Director   / Director

CITCO FUND SERVICES (CURAÇAO) N.V.

6