UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60080 CIV-MARRA/JOHNSON

(Proceeding Ancillary to Case No. 03-80612-CIV-MARRA/JOHNSON)

COURT APPOINTED RECEIVER of LANCER
OFFSHORE, INC. and THE OMNIFUND, LTD.,

        Plaintiff,

vs.

THE CITCO GROUP LTD., CITCO FUND
SERVICES (CURACAO) N.V., CITCO FUND
SERVICES (USA) INC., INTER CARIBBEAN
SERVICES, LTD., ANTHONY STOCKS, KIERAN
CONROY, and DECLAN QUILLIGAN,

        Defendants.
_____/

**REPLY MEMORANDUM OF LAW OF CITCO FUND SERVICES (CURACAO), N.V.,
INTER CARIBBEAN SERVICES, LTD., ANTHONY STOCKS, KIERAN
CONROY AND DECLAN QUILLIGAN IN SUPPORT OF THEIR MOTION
<u>TO DISMISS THE RECEIVER'S SECOND AMENDED COMPLAINT</u>**

CASE NO. 05-60080 CIV-MARRA/JOHNSON

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

    A.    The SAC Fails to State a Breach of Contract Claim ..................................................... 1

    B.    The SAC Fails to State a Claim for Breach of Implied Duty of Good Faith and Fair Dealing ............................................................................................................... 2

    C.    The SAC Fails to State Claims for Professional Malpractice ...................................... 3

    D.    The SAC Fails to State a Claim for Gross Negligence ................................................. 4

    E.    The SAC Fails to State a Claim for Breach of Fiduciary Duty .................................... 5

        1.    The SAC Fails to Allege the Existence of a Fiduciary Duty ............................ 5

        2.    The SAC Fails to Allege the Theory of *Respondeat Superior* .......................... 5

        3.    The Economic Loss Rule Bars the Breach of Fiduciary Duty Claim ............... 6

    F.    The SAC Fails to State Aiding and Abetting Breach of Fiduciary Duty Claims ......... 7

    G.    The SAC Fails to State ERISA-Based Claims .............................................................. 8

        1.    The Receiver's Claim for Breach of ERISA Fiduciary Duty Must be Dismissed as to CFS-Curacao ............................................................................ 8

        2.    The Receiver's Claims for Liability Under ERISA for Breach by Co-Fiduciaries Must be Dismissed ......................................................................... 9

CONCLUSION ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Page(s)**

*Artubel v. Colonial Bank Group, Inc.*,
  No. 8:08-cv-179-T-23MAP, 2008 WL 3411785 (M.D. Fla. Aug. 8, 2008) .............................. 8

*Bank of North Georgia v. Reznick Group, P.C.*,
  262 Fed. Appx. 928 (11th Cir. 2008) ................................................................................ 1

*Bavaria Int'l Aircraft Leasing GMBH v. Clayton, Dubilier & Rice, Inc.*,
  No. 03 Civ. 0377 (NRB), 2003 WL 21767739 (S.D.N.Y. Jul. 30, 2003) ................................. 6

*Bruhl v. PricewaterhouseCoopers Int'l*,
  No. 03-23044, 2007 WL 983263 (S.D. Fla. Mar. 27, 2007) ................................................... 3

*Bruhl v. PricewaterhouseCoopers Int'l*,
  No. 03-23044, 2007 WL 997362, at *4 (Mar. 27, 2007) ........................................................ 8

*Burger King Corp. v. C.R. Weaver*,
  169 F.3d 1310 (11th Cir. 1999) ........................................................................................ 2

*Capital Bank v. MVB, Inc.*,
  644 So. 2d 515 (Fla. 3d DCA 1994) .................................................................................. 5

*Court Appointed Receiver v. Citco Group Ltd.*,
  No. 05-60080, 2008 WL 926513 (S.D. Fla. Mar. 31, 2008) ............................................. *passim*

*Cox v. CSX Intermodal, Inc.*,
  732 So. 2d 1092 (Fla. 1st DCA 1999) ................................................................................ 2

*Freeman v. First Union Nat'l*,
  329 F.3d 1231 (11th Cir. 2003) ........................................................................................ 4

*Garden v. Frier*,
  602 So. 2d 1273 (Fla. 1992) ............................................................................................. 3

*Hamilton v. Carrell*,
  243 F.3d 992 (6th Cir. 2001) ............................................................................................ 8

*Harris v. Finch, Pruyn & Co.*,
  No. 1:05-CV-951 (FJS/RFT), 2008 WL 2064972 (N.D.N.Y. May 13, 2008) .......................... 9

*In re Global Crossing, Ltd., Sec. Litig.*,
  No. 02 Civ. 910(GEL), 2005 WL 2990646 (S.D.N.Y. Nov. 7, 2005) ....................................... 6

*In re Mut. Funds Inv. Litig.*,
   No. 1:04:md-15864-CCB, 2005 WL 3692756 (D. Md. Dec. 6, 2005) ...................................... 9

*Interstate Sec. Corp v. Hayes Corp.*,
   920 F.2d  769 (11th Cir. 1991) ................................................................................................ 6

*Meruelo v. Mark Andrew of the Palm Beaches, Ltd.*,
   12 So. 3d 247 (Fla. 4th DCA 2009) ........................................................................................ 3

*Moransais v. Heathman*,
   744 So. 2d 973 (Fla. 1999) ...................................................................................................... 3

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, *LLC*,
   592 F. Supp. 2d 608  (S.D.N.Y. Jan. 5, 2009) ......................................................................... 3

*Sea Shelter IV, LLC v. TRG Sunny Isles V, Ltd.*,
   No. 08-21767-CIV, 2009 WL 692469 (S.D. Fla. Mar. 17, 2009) ............................................ 1

*SEC v. Lauer*,
   No. 03-80612, 2008 WL 4372896, at *2, 5 (S.D. Fla. Sept. 24, 2009) .......................... 1, 2, 7, 8

*Smith v. First Union National Bank*,
   No. 00-4485-CIV, 2002 WL 31056104 (S.D. Fla. Aug. 23, 2002) .......................................... 7

*United States v. Bestfoods*,
   524 U.S. 51 (1998) ................................................................................................................... 6

*Warner v. Boston Sec., S.A.*,
   No. 03-81026-CIV-RYSKAMP, 2004 WL 691787 (S.D. Fla. Mar. 22, 2004) ........................ 3

*Wiand v. Waxenberg*,
   611 F. Supp. 2d 1299 (M.D. Fla. 2009) ................................................................................... 4

CASE NO. 05-60080 CIV-MARRA/JOHNSON

## INTRODUCTION

This Court has previously dismissed the majority of the claims asserted by the Receiver against CFS-Curacao, and several of the claims against the Citco Directors, recognizing that the Receiver's allegations fall short of what is necessary to state claims for relief. The SAC contains the same pleading deficiencies as its predecessor. The over-arching flaw in the Receiver's SAC is that in its zeal to paint a picture of CFS-Curacao and the Citco Directors as "conflicted," and to hold them responsible for "valuing" the securities in the Offshore Funds' portfolios despite a finding by this Court that Lauer was solely responsible for these valuations,[1] it ignores the clear provisions of the Administrative Services Agreements ("ASAs") that govern the relationship between the parties. This is not a suit by investors, but by the Receiver, who stands in the shoes of the Offshore Funds. The Receiver is bound by the contract signed by the Funds, and cannot now claim that CFS-Curacao had duties beyond what was agreed to by the parties. The Receiver's efforts to create contract claims that extend beyond the scope of what was agreed to, and his efforts to create tort-based and ERISA claims out of mere allegations of a breach of contract, are unavailing. The SAC should be dismissed for the reasons set forth below.

### A.  The SAC Fails to State a Breach of Contract Claim

The breach of contract count should be dismissed because the Receiver claims breaches of purported contractual duties that are not contained in the ASAs. The Receiver does not dispute this fact, but admits that the SAC "pleads separate duties outside the Agreements." (Receiver's Opposition Memorandum at 10, hereinafter "Opp."). The Receiver provides no support for his argument that a breach of contract claim may plead breaches outside of the contract, and the law is to the contrary. *See Bank of North Georgia v. Reznick Group, P.C.*, 262 Fed. Appx. 928, 929-30 (11th Cir. 2008) (holding that bank's claim fails where loan agreement attached to complaint did not support its allegations); *Sea Shelter IV, LLC v. TRG Sunny Isles V, Ltd.*, No. 08-21767-CIV, 2009 WL 692469, at *3 (S.D. Fla. Mar. 17, 2009) (dismissing breach of contract claim where allegations were inconsistent with attached agreement).

Further, the Receiver's allegations that CFS-Curacao "fail[ed] to appoint Independent Directors to the Funds' boards" and "fail[ed] to independently verify the valuations stated by Lauer and Stenton Leigh" (SAC ¶ 428) are belied by the ASAs themselves. Paragraph 1.1(a) of

---

[1] *See SEC v. Lauer*, No. 03-80612, 2008 WL 4372896, at *2, 5 (S.D. Fla. Sept. 24, 2009) (finding that Lauer, as investment manager, valued the securities in the Lancer Funds).

the ASAs provides that CFS-Curacao will "provid[e] … directors" to the Funds. (*See e.g.,* SAC, Ex. J). Schedule A to the ASAs provides that payment for the services of the directors (a nominal $4,000 annually) is to be made to CFS-Curacao, and is signed by the Fund and the Directors. There is no allegation in the SAC, nor could there be, to support the incredulous proposition that the Funds themselves did not know that CFS-Curacao was providing its employees as directors of the Funds, as that is precisely what the Funds contracted for. Further, the allegation that CFS-Curacao had an obligation to independently verify valuations by Lauer and/or Stenton Leigh is not contained in the ASAs. Such an allegation is also belied by the offering documents of the Funds which clearly provide that the Investment Manager (Lancer Management and Michael Lauer) valued the securities. (*See, e.g.*, SAC, Ex. M).[2]  *See also SEC v. Lauer*, 2008 WL 4372896, at *2, 5.

## B.     The SAC Fails to State a Claim for Breach of Implied Duty of Good Faith and Fair Dealing

Recognizing that his claim for breach of contract is deficient because it attempts to impose on CFS-Curacao duties that are not in the agreements, the Receiver attempts to engraft these duties into the contract through an ill-conceived claim for breach of implied duty of good faith and fair dealing. However, such a claim cannot be used to alter or modify the clear terms of a contract. *See Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1316 (11th Cir. 1999).

The Receiver's reliance on *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092 (Fla. 1st DCA 1999), is misplaced.  In that case, the contract at issue clearly contained a grant of discretion to the defendant. The contract provided that the defendant was to periodically make goods available to plaintiff to transport, but also expressly disclaimed any specific, written method for performing this obligation, clearly permitting the defendant to perform this duty at its discretion. *Id.* at 1098 and n. 2. In stark contrast, the ASAs contained no grant of discretion to CFS-Curacao in connection with computing the monthly NAV of the Funds' shares. The ASAs also required CFS-Curacao to independently price the Fund by reference to specifically-defined data. (SAC, Ex. J. 1.1(h), Ex. M). Whether CFS-Curacao complied with its contractual obligations will likely

---

[2]   Despite the fact that the SAC contains the boilerplate allegation that CFS-Curacao "knowingly, willfully, recklessly, and/or with gross negligence" breached the ASAs (SAC ¶ 428), the SAC is devoid of any *facts* to support that any purported breach by CFS-Curacao was grossly negligent, as is required to impose liability under the ASAs (*see, e.g.*, SAC, Ex. J, ¶ 2.6 (administrator shall not be liable to Fund or its shareholders for acts or omissions, other than as a result of gross negligence, willful misconduct or reckless disregard of its duties hereunder)).

2

be the subject of expert testimony as to the applicable industry standards; there is no "gap" to be filled by permitting the Receiver to bring an amorphous claim for breach of an implied duty, when the contract clearly delineates express duties.

Further, the Receiver again attempts to argue that that he should be permitted to "fill in the gap regarding the criteria for the appointment of directors." (Opp. at 5). Again, the ASAs state that CFS-Curacao was to "provid[e] … directors." There can be no dispute that the Funds were fully aware that these directors were CFS-Curacao employees, as this was made clear in the ASAs, (SAC, Ex. J), and in the Offshore Funds' PPMs. *See Meruelo v. Mark Andrew of the Palm Beaches, Ltd.*, 12 So. 3d 247 (Fla. 4th DCA 2009) (no implied duty of good faith and fair dealing exists where contract is unambiguous).

C.   **The SAC Fails to State Claims for Professional Malpractice**

As this Court previously held in dismissing the Receiver's Amended Complaint, "a claim for professional malpractice cannot be brought against CFS-Curacao where there are no allegations that fund administrators are required to obtain a four-year degree for licensing in Florida." *Court Appointed Receiver v. Citco Group Ltd.*, No. 05-60080, 2008 WL 926513, at *2 (S.D. Fla. Mar. 31, 2008). Similarly, this Court dismissed this claim against the Director Defendants, finding that the Receiver failed to allege that a four-year degree is required to serve as a director of a corporation. *Id.* The SAC fails to make these critical allegations, as it cannot do so. Instead, the Receiver argues that the Court's prior ruling "is based on an unnecessarily broad misreading of Florida law." (Opp. at 16).[3]  However, as this Court recognized, the definition adopted by the Florida Supreme Court in *Garden v. Frier*, 602 So. 2d 1273 (Fla. 1992) has consistently been applied in cases addressing issues other than the statute of limitations. *See, e.g., Moransais v. Heathman*, 744 So. 2d 973, 976 (Fla. 1999); *Warner v. Boston Sec., S.A.*, No. 03-81026-CIV-RYSKAMP, 2004 WL 691787, at *13 (S.D. Fla. Mar. 22, 2004) (applying definition of professional for purposes of the economic loss rule).  Since the SAC does not and cannot allege that fund administrators or corporate directors are required to obtain a four-year degree for licensing in Florida, dismissal with prejudice of these claims is warranted.

---

[3]   In related lawsuits, this Court as well as a New York district court found that hedge fund administrators are not professionals. *See Bruhl v. PricewaterhouseCoopers Int'l*, No. 03-23044, 2007 WL 983263, at *8 (S.D. Fla. Mar. 27, 2007); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 592 F. Supp. 2d 608, 642 (S.D.N.Y. Jan. 5, 2009).

D.     The SAC Fails to State a Claim for Gross Negligence

This Court previously dismissed the Receiver's claim for gross negligence, finding the economic loss rule fatal to the claim because the Receiver failed to allege "breaches of duties not imposed by the [ASAs]." *Court Appointed Receiver*, 2008 WL 926513, at *3. The Receiver's Opposition Memorandum makes clear that the SAC continues to allege duties that are contractual, and thus the claim continues to be barred by the economic loss rule.

The Receiver first concedes that the gross negligence claim is based on CFS-Curacao's duty to appoint directors, which is a contractual duty under the ASAs. (Opp. at.14). The Receiver repeats his argument that CFS-Curacao appointed "conflicted" directors, which is the same argument he made to support his contract claims. The Receiver's incredulous argument, that CFS-Curacao "appointed conflicted employees" as directors, notwithstanding that the Offshore Funds entered into express agreements with CFS-Curacao which provided for the appointment of its employees as directors (SAC, Ex. J) underscores that the Receiver's far-reaching efforts to impose liability cannot sustain liability where there is none.

The Receiver next argues that CFS-Curacao owed the Funds "an independent duty to disclose," which it breached by issuing NAV statements to the Funds' Management and the investors. (Opp. at 14-15). Again, this claim is barred by the economic loss rule because it is based on purported ***contractual*** obligations. The ASAs provided for CFS-Curacao to "comput[e] the monthly Net Asset Value" of the Funds' shares and "report[ ] such to the Investment Advisor." (SAC, Ex. J). The Receiver cannot contend that CFS-Curacao's alleged acts in imparting this information to the Funds themselves constitutes anything but a contractual breach. Nor can the Receiver base a claim for gross negligence on any information allegedly imparted by CFS-Curacao to investors, as he has no standing to bring such a claim. *See Freeman v. First Union Nat'l*, 329 F.3d 1231, 1235 (11th Cir. 2003); *Wiand v. Waxenberg*, 611 F. Supp. 2d 1299, 1314 (M.D. Fla. 2009).

The allegations in the SAC itself reflect the Receiver's recognition that the alleged breaches of duty which support the gross negligence claim are contractual, stating that CFS-Curacao "owed a duty to use reasonable skill and care ***in performing [its] fund administration***

*services ….*" (SAC ¶441). (Emphasis added).[4] In previously dismissing the gross negligence claim based on the economic loss rule, this Court held that the Receiver would only be given one more opportunity to plead duties other than those contained in the ASAs. *Court Appointed Receiver*, 2008 WL 926513, at *3. Because the Receiver has failed to do so in the SAC, this claim should be dismissed with prejudice.

E.  **The SAC Fails to State a Claim for Breach of Fiduciary Duty**

    1.  **The SAC Fails to Allege the Existence of a Fiduciary Duty**

This court previously dismissed the Receiver's breach of fiduciary duty claim against CFS-Curacao. C*ourt Appointed Receiver*, 2008 WL 926513, at *4. In doing so, this Court ruled that CFS-Curacao did not owe a fiduciary duty to the Offshore Funds, but rather had only a contractual duty under the ASAs. *Id.* The Receiver's SAC adds no new factual allegations to support that any duty owed was outside the contract; instead, the Receiver again argues that under *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 519 (Fla. 3d DCA 1994), an implied fiduciary duty exists as evidenced by "special circumstances" surrounding the parties' relationship. (Opp. at 8.) This Court previously rejected this argument finding "that the actions complained of do not indicate that CFS-Curacao stepped out of its contractual role as administrator for the Funds or that CFS-Curacao made representations or assurances that developed a dependency by the Funds." C*ourt Appointed Receiver*, 2008 WL 926513, at *4. Because this claim has previously been dismissed, and this Court held that the Receiver would only be given one more opportunity to amend, this claim should be dismissed with prejudice.

    2.  **The SAC Fails to Allege the Theory of *Respondeat Superior***

This Court also previously ruled that CFS-Curacao was not vicariously liable for the Director Defendants' misconduct under the doctrine of *respondeat superior*, as "nowhere does the Complaint allege that the Director Defendants were acting in their capacity as employees of CFS-Curacao while committing the purported breaches of duty." *Id.,* at *5. In response to CFS-Curacao's Motion to Dismiss the SAC, the Receiver argues that the SAC alleges "that Directors Conroy and Quilligan were acting within the scope of their employment with [CFS-Curacao] when they served on the boards of the Funds." (Opp. at 19). This argument should be rejected for

---

[4] The fact that the Receiver has attempted to plead a claim for gross negligence, rather than simple negligence, is a clear effort to avoid the valid exculpatory provision contained in the ASAs, *see supra* n. 2, in further recognition that the alleged duties fall within their scope.

5

two reasons. First, such an allegation is a mere "legal conclusion" – the type that this Court already found to be insufficient to impose vicarious liability under the doctrine of *respondeat superior*. *Court Appointed Receiver*, 2008 WL 926513, at *5. Second, as CFS-Curacao points out in its opening brief, courts regularly recognize the separate role of directors acting in their capacity as directors, rather than as employees of the corporation that appointed them. *See United States v. Bestfoods*, 524 U.S. 51, 69 (1998); *In re Global Crossing, Ltd., Sec. Litig.*, No. 02 Civ. 910(GEL), 2005 WL 2990646, at *5 (S.D.N.Y. Nov. 7, 2005); *Bavaria Int'l Aircraft Leasing GMBH v. Clayton, Dubilier & Rice, Inc.*, No. 03 Civ. 0377 (NRB), 2003 WL 21767739, at *3 (S.D.N.Y. Jul. 30, 2003).[5] As it did before, this Court should once again find the Receiver's allegations insufficient to hold CFS-Curacao vicariously liable for the acts of the Director Defendants under the doctrine of *respondeat superior*.

### 3. The Economic Loss Rule Bars the Breach of Fiduciary Duty Claim

Under Florida's economic loss rule, a party to a contract is precluded from pursuing a claim in tort for solely economic losses unless the breaching party has committed a tort which is distinguishable from or independent of the breach of contract. *Interstate Sec. Corp v. Hayes Corp.*, 920 F.2d 769, 775-76 (11th Cir. 1991). Thus, like the Receiver's gross negligence claim (and others), his claim for breach of fiduciary duty is a tort-based claim to which the economic loss rule applies. In an attempt to circumvent the economic loss rule, the Receiver argues that "[CFS-Curacao] had a special relationship to the Funds based on its participation in activities not required under the [ASA]." (Opp. at 11). Such activities, the Receiver argues, included communication between CFS-Curacao and the Funds' investment manager regarding the proper allocation of assets and investments and the influence and control over the management of the Funds. (*Id.*). However, these allegations are completely baseless and contradicted by the exhibits to the SAC, which clearly provide that the Investment Manager of the Funds (Lancer and Lauer) were responsible for the investment decisions of the Funds. (*See, e.g.,* SAC, Ex. M);

---

[5] Indeed, this Court opined in its Order that the fact that CFS-Curacao was to "provid[e] ***its employees***, the Director Defendants, to the Offshore Funds" does not necessarily mean "that the Director Defendants were acting within the scope of their duties as employees of CFS-Curacao. *Id.* (Emphasis in original). The SAC adds only conclusory statements that Conroy and Quilligan served on the boards of the Funds while, at the same time, serving as directors of CFS-Curacao and that they were "dominated and controlled" by CFS-Curacao.

*see also SEC v. Lauer*, 2008 WL 4372896, at *2, 5. Consequently, the breach of fiduciary duty claim is barred by the economic loss rule and should be dismissed.

F.  **The SAC Fails to State Aiding and Abetting Breach of Fiduciary Duty Claims**

As this Court recognized in its prior order dismissing the Receiver's claim for aiding and abetting a breach of fiduciary duty, the Receiver is unable to allege that CFS-Curacao "substantially assisted" either the Director Defendants or Lauer in perpetrating their alleged breach of fiduciary duty. To satisfy this element, the plaintiff must allege (1) recklessness and a duty to disclose and/or (2) conscious intent. *Court Appointed Receiver,* 2008 WL 926513, at *6.

The Receiver's argument that he has sufficiently alleged "conscious intent" is misplaced, because the allegations that he relies upon are nearly identical to the allegations in the First Amended Complaint that was dismissed by this Court, including allegations that CFS-Curacao failed to act pursuant to "red flags." *See id.* (holding that red flags or aroused suspicions do not constitute actual awareness of a fraudulent scheme). The Receiver's reliance on *Smith v. First Union National Bank*, No. 00-4485-CIV, 2002 WL 31056104 (S.D. Fla. Aug. 23, 2002), as support for his argument that allegations of an "atypical transaction" can establish conscious intent, is unavailing.[6] The purported "atypical" transactions that the Receiver relies on, *i.e.* failing to provide independent directors and collecting fees based on the NAV (Opp. at 13), are acts which were specifically authorized by the contract between the parties. Because "conscious intent" cannot be inferred from the Receiver's allegations, the "substantial assistance" prong cannot be satisfied and the claim against CFS-Curacao for aiding and abetting a breach of fiduciary duty must be dismissed.[7]

---

[6] The *Smith* court cited to twelve specific instances of suspicious banking activities which helped evidence the defendant's "conscious intent" in aiding a mutual fund's purported Ponzi scheme, including wire transfers out of the accounts deposited with the bank to entities that were "obviously not related to the activities" of the fund, wire transfers to accounts in foreign jurisdictions, and the knowledge of the fund manager's income tax returns that were inconsistent with representations by the manager to the bank regarding his net worth. *Id*, at *3-4.

[7] In his Opposition, the Receiver blatantly misstates that this Court previously held that the Receiver stated a claim for aiding and abetting CFS-Curacao's breach of fiduciary duty, and that the Director Defendants do not challenge that claim as pled in the SAC. (Opp., at 12, n. 14). To the contrary, this Court dismissed the Receiver's aiding and abetting claim against the Director Defendants because the Receiver failed to state an underlying breach of fiduciary duty claim against CFS-Curacao. *Court Appointed Receiver,* 2008 WL 926513, at *5. Likewise, because the

G.  **The SAC Fails to State ERISA-Based Claims**

1.  **The Receiver's Claim for Breach of ERISA Fiduciary Duty Must be Dismissed as to CFS-Curacao**

In his Opposition, the Receiver argues that CFS-Curacao was an ERISA fiduciary because it "(a) rendered investment advice with respect to Offshore's ERISA plan assets for a fee and (b) was an affiliate … of Director Defendants ICS, Conroy and Quilligan who had discretionary authority and control with respect to purchasing or selling Offshore's ERISA plan assets." (Opp. at 23). With respect to the allegation that CFS-Curacao "rendered investment advice," the Receiver argues that merely providing the monthly NAV to the Offshore Funds is sufficient to qualify as "rendering investment advice to an ERISA plan." However, the SAC contains no allegations that CFS-Curacao had the authority to buy or sell securities or actually rendered *investment advice* to the Offshore Funds, which is required to establish fiduciary status. *Court Appointed Receiver,* 2008 WL 926513, at *9; *Hamilton v. Carrell,* 243 F.3d 992, 1000 (6th Cir. 2001) (services provided pursuant to a fund administration agreement did not constitute investment-related services). In fact, this Court previously held in a related action that Lauer was the sole individual who rendered investment advice to the Funds. *See SEC v. Lauer*, 2008 WL 4372896, at *2. The Receiver has not, and cannot, establish that CFS-Curacao provided any "investment-related services" to the Offshore Funds, and thus CFS-Curacao does not meet the definition of an ERISA fiduciary.

Further, the Receiver's attempts to impute fiduciary status on CFS-Curacao because of its alleged relationship to the Director Defendants also fail. The Receiver's arguments that Directors Conroy and Quilligan were "affiliates" under ERISA and that CFS-Curacao and the Directors are "parties in interest" under ERISA are theories of liability not pled in the SAC, and the Receiver may not use his Opposition to this motion to dismiss as a means by which to amend his theory of the complaint. *See Bruhl v. PricewaterhouseCoopers Int'l*, No. 03-23044, 2007 WL 997362, at *4 (Mar. 27, 2007); *Artubel v. Colonial Bank Group, Inc.*, No. 8:08-cv-179-T-23MAP, 2008 WL 3411785, at *12 n.38 (M.D. Fla. Aug. 8, 2008). These theories are also legally untenable. The PPM for Lancer Offshore unequivocally states that only the Investment Manager of the fund had any authority over the selection of investments for that fund and that the Board of Directors of

---

SAC again fails to allege a claim for breach of fiduciary duty against CFS-Curacao, the Receiver fails to state a claim for aiding and abetting such a purported breach.

8

the Fund "irrevocably delegated to the Investment Manager the sole and exclusive authority to manage the assets of the Fund." (SAC Ex. M, p. 1, 11). The Receiver's attempt to "bootstrap" fiduciary status onto CFS-Curacao based on a tenuous argument that its "affiliates" had authority over the selection of investments for the funds therefore fails. Moreover, the Receiver's "parties in interest" theory (Opp. at 26) necessarily fails because the Offshore Funds, do not meet the definition of an "employee benefit plan," and thus neither CFS-Curacao nor the Directors could be considered as ***providing services to*** such a plan.[8]

Finally, the Receiver's *respondeat superior* theory also fails. First, the Receiver completely fails to address the argument that the doctrine of *respondeat superior* is inapplicable in the ERISA context. *See Harris v. Finch, Pruyn & Co.*, No. 1:05-CV-951 (FJS/RFT), 2008 WL 2064972, at *7 (N.D.N.Y. May 13, 2008) ("*Respondeat superior* liability does not exist under ERISA's fiduciary liability scheme."). *See also* cases cited at page 21 of Memorandum of Law of CFS-Curacao and the Director Defendants. Further, in his Opposition, the Receiver does little to rebut the argument that his conclusory allegations that the Director Defendants were employees and/or agents of CFS-Curacao are insufficient to establish *respondeat superior* liability on the part of CFS-Curacao, but merely restates the allegations of his SAC, which are insufficient to establish *respondeat superior* liability for the ERISA count because CFS-Curacao is not itself a fiduciary. *See In re Mut. Funds Inv. Litig.*, No. 1:04:md-15864-CCB, 2005 WL 3692756, at *9 n.15 (D. Md. Dec. 6, 2005) ("Except possibly under the narrow circumstances where a principal fiduciary used an agent to perform its own specific fiduciary duties [*respondeat superior*] would not ordinarily generate liability or give rise to fiduciary status.").

### 2. The Receiver's Claims for Liability Under ERISA for Breach by Co-Fiduciaries Must be Dismissed

CFS-Curacao and the Director Defendants moved to dismiss the claims in the SAC for "Liability Under ERISA for Breach by Co-Fiduciaries" asserted against the "Director Defendants" and the "Citco Defendants," because the Receiver failed to follow this Court's prior instruction that he needed to "identify the breaches of fiduciary duty, the specific defendants

---

[8] An "employee benefit plan" includes both "employee welfare benefit plan[s]" and "employee pension benefit plan[s]." 29 U.S.C. 1002(3). An "employee welfare benefit plan" is a plan "established or maintained by an employer or by an employee organization" for the purposes of providing for medical care or its beneficiaries. An "employee pension benefit plan" is a plan established for the purposes of providing pension benefits to employees. The Offshore Funds, with which CFS-Curacao contracted, do not meet either definition.

9

with knowledge of the breaches, and identify more specifically how each defendant failed to take reasonable efforts to remedy the breach." *Court Appointed Receiver*, 2008 WL 926509, at *10. Incredibly, in his Opposition, the Receiver continues to use the same impermissible technique of "lumping" all of the Director Defendants together in describing their alleged breaches of ERISA fiduciary duty. (*See, e.g.,* Opp. at. 29-30 (arguing that the SAC "sufficiently pleads that ***the Director Defendants*** had knowledge of Lancer Management' breaches ... [and] ***the Director Defendants*** breached their fiduciary duty.")). This grouping of multiple defendants who served as directors of different funds at different times is impermissible and these counts should be dismissed with prejudice. *See* cases cited at page 25 of Memorandum of Law of CFS-Curacao and the Director Defendants.

With respect to CFS-Curacao, the Receiver seeks to distance himself from the inadequate pleading in the SAC by using his Opposition to refashion the SAC's allegations as solely against CFS-Curacao. For example, the Receiver cites to paragraphs 358, 373-375, 385, 386, 396-397, 405, 416-423 and 441 of the SAC as support for his statements that the SAC "sufficiently pleads that [CFS-Curacao] knew or should have known of Lancer Management's breaches" and that "[CFS-Curacao] breached its fiduciary duty." (Opp. at 29). However, contrary to the Receiver's implication that these paragraphs contain allegations solely against CFS-Curacao, many of these paragraphs actually lump CFS-Curacao together with CGL and CFS-USA. (*See, e.g.* ¶ 358 ("Offshore paid fees ... ***to Citco***); ¶ 396 ("the ***Citco Defendants*** ... breached their fiduciary duties); ¶ 397 ("***Citco*** further failed to employ appropriate valuation methodologies"); ¶ 419 ("***The Citco Defendants***" are liable for the breach of duty by their co-fiduciaries"). This is precisely the type of pleading the Court ruled was improper, and these claims should be dismissed with prejudice. *Court Appointed Receiver*, 2008 WL 926509, at *10.

## CONCLUSION

For the reasons set forth above, this Court should dismiss the SAC in its entirety as to CFS-Curacao, with prejudice. Further, as to the Director Defendants, this Court should dismiss with prejudice the claims for professional malpractice, aiding and abetting CFS-Curacao's purported breach of fiduciary duty, and liability under ERISA for breach of co-fiduciaries.

CASE NO. 05-60080 CIV-MARRA/ JOHNSON

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 17, 2010**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

GILBRIDE, HELLER & BROWN, P.A.

By: /s/ Dyanne E. Feinberg
**Lewis N. Brown**
Fla. Bar No. 270008
lbrown@ghblaw.com
**Dyanne E. Feinberg**
Fla. Bar No. 371548
dfeinberg@ghblaw.com
**Terence M. Mullen**
Fla. Bar No. 0191957
tmullen@ghblaw.com
**Elizabeth Izquierdo**
Fla. Bar No. 594466
eizquierdo@ghblaw.com
One Biscayne Tower, Suite 1570
2 South Biscayne Blvd.
Miami, Florida 33131
Phone: (305) 358-3580
Fax: (305) 374-1756

COURT APPOINTED RECEIVER etc., v. THE CITCO GROUP LTD, etc.
CASE NO. 05-60080 CIV-MARRA-JOHNSON

Andrew Zaron, Esq.
Juan Enjamio, Esq.
HUNTON & WILLIAMS, LLP
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131-1802